UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

MARK and ELIZABETH LEVY,                                              No. 05-12127

                Debtor(s).
_____/

Memorandum of Decision re Pension Plan
_____

       Debtors Mark and Elizabeth Levy filed their Chapter 7 petition on August 17, 2005. They scheduled as an asset a $1.6 million interest in the Mark Levy. M.D. & Saul Rosenberg, Ph.D., APC Defined Benefit Pension Plan and claimed the interest exempt pursuant to California Code of Civil Procedure § 704.115 in the same amount.[1] Chapter 7 Trustee Jeffry Locke objects.

       When considering the bankruptcy estate's rights in a debtor's pension plan, the first inquiry is usually whether the plan is protected by the spendthrift provisions of ERISA. If it is, the debtor's benefits are not property of the estate and any argument over whether or not they may be exempted is moot. *Patterson v. Shumate*. 507 U.S. 753 (1992). Locke's first argument is that the Levys waived the effect of this case by scheduling the pension plan and claiming it exempt, citing this court's decision in *In re Bohrer*, 266 B.R. 200 (Bkrtcy. N.D.Cal.2001). The simple answer to this argument, fully consistent

---

[1] In their brief, the Levys referred to an additional 401(k) profit sharing plan. If they have such a plan, it is not the subject of the instant objection.

1

with *Bohrer,* is that factual admissions in the schedules may be considered evidence against a debtor, but legal positions taken in the schedules are not binding on the debtor unless raised to the level of judicial estoppel. Judicial estoppel is not appropriate in this case, nor has Locke argued for it.

The remainder of Locke's objection is based on two facts not substantiated by the evidence: that the professional corporation which established the pension plan is a "sham artifice" and that the entire plan belongs to the debtors. The court finds no basis in the evidence for either finding.

Locke has not cited any case to support his proposition that the court can declare a corporation to be a sham artifice just because it was set up as a prerequisite to establishing a pension plan. Corporations are usually set up for financial planning purposes. Taking advantage of laws conferring the benefits of corporate status is not wrongful and corporations created for such purposes are not shams.

Nor did the evidence establish that the pension plan itself is a sham. While it is clear that the Levys set up the plan as a means of placing assets beyond the reach of their creditors, Locke cites no case where this factor alone was sufficient to void a pension plan. In *In re Lowenschuss*, 171 F.3d 673 (9th Cir. 1999), the court did not rule against the debtor because it found that the pension plan was established to shelter assets. Rather, it based it ruling only on the fact that the pension plan did not meet ERISA standards because "ERISA does not cover a pension plan of which the only beneficiary is the sole owner of the company funding the plan." 171 F.3d at 680. In fact, it commented that the plan would have been valid if the debtor's sons had been plan participants. Id. at 682.

The evidence before the court belied Locke's argument that the only plan participants on the date of filing were the debtors. The evidence established that both Dr. Saul Rosenberg and Dr. David Kan were plan participants on the date the Levys filed their bankruptcy petition. The plan therefore qualifies for ERISA protection and its spendthrift provision is accordingly enforceable against Locke.

Because the court finds that the plan's spendthrift provision is enforceable, the pension plan is not property of the estate and the court need not decide the Levys' claim of exemption. The court will construe Locke's objection as a motion for turnover and, as such, will deny it on the grounds stated above. The objection to the claim of exemption will be deemed dropped from the court's docket as

2

moot.

      This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Levys shall submit an appropriate form of order which counsel for Locke has approved as to form.

Dated: April 27, 2006

                                                      Alan Jaroslovsky
                                                     U.S. Bankruptcy Judge